■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD L. KUBY, on Behalf of GIGI JORDAN, Appellant, v ROSE AGRO, Respondent. [975 NYS2d 342]—

Judgment, Supreme Court, New York County (James M. Burke, J.), entered on or about August 15, 2013, denying the petition for a writ of habeas corpus and dismissing the petition, unanimously affirmed, without costs.

This Court affirmed the denial of habeas corpus relating to a prior bail application by petitioner, holding that the bail application court appropriately considered the seriousness of the offense, the strength of the evidence against petitioner, the possible sentence she faced, the flight risk posed by her mental condition, and her weak community ties (People ex rel. Kuby v Merritt, 96 AD3d 607 [1st Dept 2012], lv denied 19 NY3d 813 [2012]). Petitioner now contends that the continued duration of her pretrial detention required her present bail request to be granted, as she had been incarcerated for 43 months, 34 months of which she attributes to the People's delay. However, the bail

application court (Charles Solomon, J.) properly rejected this argument. It found that although some delay resulted from the People's failure to disclose evidence promptly, petitioner either caused, or was concurrently responsible with the People for, most of the delay, particularly because petitioner has repeatedly retained new attorneys who required lengthy delays for trial preparation and reconsideration of strategic steps taken by their predecessors. There is no reason, on the present record, to disturb the bail court's findings.

For the same reasons, we reject petitioner's argument that the length of her pretrial detention violated her right to due process. Even were we to apply case law arising out of federal prosecutions, which does not bind this court, we note that an important factor in determining whether a detention violates due process is "the extent to which the Government bears a significant responsibility for the duration of that detention" (*United States v Gonzales Claudio*, 806 F2d 334, 341 [2d Cir 1986]). Furthermore, petitioner continues to present a serious risk of flight.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, DeGrasse and Gische, JJ.